## J. A. McQuaid, Plaintiff in Error, v. City of Warsaw, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Hancock county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916.

### Statement of the Case.

Action on the case by J. A. McQuaid, plaintiff, against the City of Warsaw, defendant, to recover damages for injuries to his person and to his steam traction engine and separator alleged to have occurred through the negligence of the city in failing to keep a certain street in a reasonably safe condition for public travel. From a judgment for defendant on a directed verdict, defendant brings error.

O'HARRAS, WOOD & WALKER, for plaintiff in error.

TRUMAN PLANTZ and SCOFIELD, HELFRICH & CALIFF, for defendant in error.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 971*—*what is duty of municipality in regard to streets*. The duty of a municipality in regard to its streets is to use reasonable care to keep them in a reasonably safe condition for the usual and ordinary methods of travel.

2. NEGLIGENCE, § 81*—*when party guilty of contributory negligence*. A party has no right to knowingly expose himself to danger and then recover damages for an injury which he might have avoided by the use of reasonable precaution.

3. MUNICIPAL CORPORATIONS, § 978*—*when street not unreasonably*

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*safe for travel.* The mere fact that a stone a foot square with a smooth upper surface is imbedded in the ground beneath the traveled way of a steep hill, within the limits of a city and over which two or three inches of gravel and macadam have been placed in such a way that a heavy traction engine might tear through the surface and rest upon the hard, smooth surface of the stone, does not render the street unreasonably safe for public travel.

4. NEGLIGENCE, § 198*—*when question for court.* While questions of negligence and contributory negligence are ordinarily questions of fact, to be passed upon by the jury, yet when the undisputed evidence is so conclusive that it does not with all reasonable inferences tend to prove the cause of action, and the court would be compelled to set aside a verdict in opposition to it, the court may withdraw the case from the consideration of the jury and direct a verdict.

5. MUNICIPAL CORPORATIONS, § 1233*—*when statutory notice of accident must be averred and proved.* The statute relative to the giving of notice, of personal injuries, to a city by filing in the office of the city attorney, if there is one, and also in the office of the city clerk, a statement in writing, signed by the injured person, his agent or attorney (J. & A. ¶ 6190), is mandatory, and the giving of the notice is a condition precedent to the right to bring the suit, and it must be averred and proved by the plaintiff to avoid a dismissal of the suit.

6. MUNICIPAL CORPORATIONS—*how failure to make averment and proof of giving of notice of injuries raised.* The failure of a declaration in an action against a city for personal injuries to make averment of the giving of the notice of injuries required by J. & A. ¶ 6190, and the failure to make proof of the giving of such notice may be raised by a motion to direct a verdict.

7. MUNICIPAL CORPORATIONS, § 1225*—*when service of notice of personal injuries insufficient.* Under J. & A. ¶ 6190, a notice of personal injuries must be filed with the city clerk, and also with the city attorney, if there is one, and in such case service of the notice on either one alone is insufficient.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.